This is an appeal from an agency review under the Administrative Procedures Act, and it's important to remember that that review is very narrow, because when the rights of an individual are being affected, it is incumbent on the agency to follow its own procedures. Here the government asks you to hold that as long as it has proved the fact of liability, such as this is a bad guy who deserves some kind of penalty, the government's compliance with other procedures don't matter, and the individual can be subject to a never-ending loop of agency redetermination, all while penalties and interest accrue against him. Senator Robertson I'm trying to figure out what's really going on here, and there seems to be an underlying premise that if the original agency ruling were vacated, the statute of limitations would run, and no penalties could be imposed on your client, because otherwise it doesn't make a difference, right? Kerr That is true under the facts of this case. Scalia Okay. I can't imagine that's the case. I can't imagine that vacating a finding and sending it back for a new trial means the statute of limitations starts running all over again. That's not — can you find any case that says that? Kerr Your Honor, this is a — Scalia No, I'm asking a specific question. Is there any case that says that? Kerr Every case that discusses the APA and how the agency review process works says that. Scalia Every case says that if we vacate an agency finding, the statute of limitations begins to run all over again? Kerr No. Scalia Okay. That's — so now I'm asking a very specific question. I mean, because it strikes me that your whole case is built on a faulty premise. You don't really care whether it's vacated or merely remanded. You're trying to get out from under the penalties entirely. And your theory about how to do so is that the statute of limitations will run if the court vacates and sends it back. I find that premise very difficult to believe, so I'm asking you whether you have any case that supports that premise. I think the answer is either yes or no. Kerr I don't have a case that specifically says that. Scalia Okay. Kerr But what the cases do say is that on an agency review, if there is an illegal or arbitrary agency action, then there are two choices available. Scalia Okay. I'm not sure I agree with you on that, but let's assume I do. And I assume that our only choice is to vacate or is to vacate. If we vacate and the statute of limitations doesn't run, then the agency will simply, on a remand, impose whatever it thinks is the appropriate penalty, and your client will be in exactly the same position he would be in had we really remanded without a vacateur. So isn't the only way that the agency action, the court's action, appears to damage your client based on the premise that he would face no penalties at all if there were a vacateur? Kerr No. The issue here is that when an agency decision is vacated and remanded, it is remanded for a fuller explanation, not for a new action. Scalia Okay. So if we send it back for a fuller explanation and they gave one, your position is tough luck. The statute of limitations has run, right? Kerr That's not true. That's exactly what happened in Schwartzbaum. Scalia Okay. So then if that's not the case, if the statute of limitations doesn't run, why does it matter whether we simply remand or vacate? The agency on remand will have to come up with the right number and explain how it did so, and you'll be exactly in the same position. Kerr Where you and I are diverging is that you are equating a fuller explanation with a new finding of the amount of the penalty. What agency review requires is for, excuse me, under the APA, judicial review is extremely limited to the reasons the agency actually had when it took the action. And if the reasoning is adequate, then the court has to vacate that. And then there's two choices from there. It can remand to the agency for a fuller explanation, and that fuller explanation has to justify the original agency action. Scalia Okay. And we're missing each other.  Scalia So I want to ask you this question straight out. If we issued an opinion that said, yes, there should be vacateur, and it should be sent back to the agency, but the statute of limitations is the original one in the filing of the, in the initiation of the original action, it's told the statute of limitations, will you have gained anything? Kerr I don't think there's any basis to toll the statute of limitations. Scalia I know. That's why I asked you the question. It seems to me that it would be ridiculous. We would never do this in any other context to say, gee, the agency made a mistake. We're sending it back, whether through vacateur or remand. And because they made a mistake, the statute of limitations begins all over again for them to initiate proceedings. And that's why I'm asking you, that strikes me as a remarkable proposition. Kerr Isn't it? Scalia And I'm asking you if you have a case that says that. And what you're telling me is, no, not really. Kerr Well, there's no case that specifically says that, but this isn't a case where the government made a mistake. This is a case where the government made a choice. They made a choice to impose a penalty on Mr. Kerr, and to choose that the penalty was going to be $3.8 million. And then they chose to double down on that, and, and that calculation based on admittedly the wrong number, this is, these four penalties are calculated based on June 30 balances and divided by two. They decided that they could use a different number than that, and that was illegal and arbitrary agency action. They made that choice. They decided to put that forward. Scalia And therefore, in your view, they've now forfeited the right to impose any penalties on him? Kerr They didn't forfeit the right. They imposed actual penalties that were reduced to a judgment that Mr. Kerr paid on the ones that they calculated correctly. Scalia What's, what's startling to me about this case is that your client admitted the gross theft, if you will, the failure to pay. So we're really talking about what the penalties should be. And as my colleague points out, it cannot be a situation where the, it all goes away based on the statute of limitations. It just cannot be. So where does that leave us? Kerr Well, Mr. Kerr didn't admit to not paying anything. He failed to file a report and there was never any tax liability associated with that failure to pay. Scalia He's not challenging the ability of the IRS to impose penalties. His concern was that the penalty they imposed was too large. Kerr Well, an assessment is a two-part process. By definition... Scalia I do, but that's not, no, you don't have to recite the whole tax code to me back. I'm just asking, does your client in this case contest the ability in the first instance of the IRS to impose penalties? Kerr The IRS is able to impose penalties if it does so and submits that full assessment within the statute of limitations. Scalia So it'd be more helpful if he answered the question I asked. Kerr He does not. Scalia Let me try to ask it differently. So if they had imposed the correct penalty in this case, you would have no complaint, correct? Kerr Correct. Scalia Okay. So therefore, you can't be challenging their ability to impose a penalty. You're challenging their ability to impose a penalty in the amount that they did. Kerr There was a challenge below to the willfulness, but that was sustained and that's not... Scalia It's not in front of us. Kerr Yes. I think that there's this argument being made... Let me interject a question on my mind. Do you think the United States v. Schwarzbaum supports your side of the case or the government's side? Kerr I think that Schwarzbaum is really unhelpful. The 11th Circuit relays the correct law about agency review and then does remand for a fuller explanation of the amount of the penalty that was assessed. The government, if you follow the subsequent history, was able to give a fuller explanation that justified its original payment and so it never had to go to that second level of the second choice, which is to initiate a new agency action. I think that it's unfortunate that the explanation or the analysis in Schwarzbaum isn't flushed out to the extent it equates more explanation with recalculation. It is misstating what the APA provides. It doesn't consider the definition or the practical effect of an assessment, as is argued in this case, and it doesn't consider the limits of APA review, as is presented in this case. And I think that this Court can and should do better about analyzing and providing answers to those. I'll save the rest of my time. Okay, very well. Let's hear from the government. Mr. Kumar. Good morning, Your Honors. May it please the Court, Nishant Kumar for the government appellee. So our position is pretty straightforward. It's that the Court did not, in fact, vacate the penalty assessments. It said this repeatedly after there was an apparent misunderstanding. But her position, as I understand it, is that the Court didn't have the power not to vacate. Right. So would you address that? Yes. So I'd like to note what CARE steadfastly ignores throughout the briefing, which is the actual language of the APA, the definition of agency action, that we explain. Their theory rests on this idea that the agency action is an indivisible atom and must be vacated in its entirety or not at all. And by the Court using language about vacater, you know, that casts the die. And we point out... Well, and the statute says actions may be set aside in whole or in part. Correct. So there's no coming back from that. I guess their argument is setting aside means vacated. Well, I think, as you pointed out, Your Honor, the only reason for the focus on the meaning of these terms is because of this gotcha argument that they're trying to make where the act of vacating the penalty combined with the statute of limitations, which is why, as was fleshed out here, there isn't case law that really focuses on this because most of the APA cases, like those cited by CARE, deal with rulemaking or some other sort of agency action where there's no possibility that, oh, if the Court vacates it and sends it back, now the government is no longer even able to promulgate a rule because of some timely... Well, in the ordinary circumstance, the non-APA circumstance, if a case is brought into district court and we reverse and send it back for further proceedings, the statute of limitations was told when the original complaint was filed. Is there any case law that suggests that, in that context or in this context, the statute starts to run all over again? Your Honor, no. I'm just... I don't... I recognize this case doesn't really raise this issue in terms of what's being appealed, but it's what lies behind. Otherwise, the appeal strikes me as accomplishes nothing because if the statute hasn't run, you'll get another finding and they can come back up to us and argue about it. The entire thing behind their argument and interest in getting your honors to say something about the penalty assessment being vacated, the reason that is not just an empty word salad is because if the penalty assessments were vacated, under their theory, new assessments would have to be made and they would necessarily be out of the six-year statute of limitations. Did the district court or do we have the power to change the assessments or does the APA require that it be the agency to change the number? I think the APA requires the agency at the first instance because I think that's what in Schwarzbaum indicates that the court, even if the courts think they have the exact body of information that the agency would rely on and it's all but, you know, a formalism to send it back to the agency to give them the number that they know is going to come back. But the APA requires that formality? Yes. And so I'd just like to point out a few things that CARE ignores, which is this court's decision in Hughes. We've discussed Schwarzbaum, we haven't discussed Hughes much, but Hughes basically, it's an unpublished decision, but it refutes their argument because it's an analogous situation where the agency changed the penalty amount on remand and the argument there that the defendant made was that, well, to impose the new penalty amount required a new demand letter to be issued and therefore interest could not have accrued from the date of the original demand letter. And the Hughes court, citing Schwarzbaum, said no. When the FBAR penalty amount was sent back to the agency for recalculation, it did not in any meaningful sense wipe out the penalty itself and therefore the accrual still ran from the original demand letter. There's nothing about that in their reply brief. Of course, we point out in, I mean, I think there's a few things besides, there's a few things that make their position really hard to swallow, right? One, of course, is that the upshot, as you've pointed out, is that if there's a calculation problem, no matter how minor, in the amount of the penalty, then if you happen to be outside of six years when it's discovered and a court insists on, a court says remand for recalculation, what it's effectively doing is extinguishing that liability because there's no way on a remand for recalculation that the agency could come back making new assessments that are timely. So that's the upshot of their argument, and there's a few other things that make it hard to swallow. One is that you have to agree with them that the court below, when it said, insisted we did not under any circumstances vacate the penalties, that it was just wrong, that when it remanded for recalculation to the agency, it effectively ordered the agency to do a meaningless exercise because anything that the agency did on that remand was already out of time, that basically the liability was dead in the water at that point. And you'd have to agree with them, essentially, that this court didn't know what it was doing when it dismissed the protective appeal of the government and noted, well, agency, remands the agency generally aren't final action, so we don't have jurisdiction here. That's what this court said in the earlier appeal, which is number 23-15826, docket 17. According to Kerr, though, the district court's remand order was, in essence, a final judgment because it vacated the only penalties that could possibly timely have been assessed. So you have to think everyone was wrong up and down the line except Kerr. And then, of course, the courts, Hughes, Schwarzbaum, and the cluster of district courts that we talk about in 29-30 of our brief. Like we said, all of this is supposedly, on Kerr's side, they say it's the plain language of the APA that compels this unpalatable conclusion. We point out there's no such thing in the plain language of the APA. So, counsel, Judge Gould, if I could interject a question. Give me your view, please, on how you read Schwarzbaum and whether it helps the government's position or would help the position of appellant. Yes, Your Honor, it helps the government position. And I'd actually like to point out there's kind of two Schwarzbaum decisions that helped the government's position because Schwarzbaum tried and retried making the same argument that when there was a calculation error in the penalty amount, once the court sent it back, because the agency could not have reassessed for that different recalculated amount, that the government was basically out of time. Schwarzbaum rejected that argument, I think, in what we call Schwarzbaum 1 in the brief, in our appellee brief. And then Schwarzbaum again tried to make that argument as part of a separate dispute that came up later. And the Schwarzbaum 2, 11th Circuit again said, no, we can't say it more emphatically. We did not, there was no vacatur of the penalties when the court sent it back for a recalculation of the amount. So from the government's perspective, what would you have us do? Affirm the judgment of the district court that did something totally unremarkable, like other courts, which was received the recalculated penalty amount after remand, which it directed the agency to provide, and because there was no subsequent dispute about the amount of penalty as recalculated upon remand, it entered the judgment, and we would just like that judgment affirmed. Thank you. Very well. We have a little rebuttal time, counsel. All right, a shockingly little time. The statute of limitations is not a gotcha. Congress decides how quickly the government must act to assess penalties, and they've said you can have six years for an FBAR penalty. Mr. Kerr voluntarily extended that for four more years. Congress also says your assessments are reviewable under the APA, so you better engage in some reasoned decision making from the outset and get both the fact and the amount of the penalty right. And this absolutely works both ways, with the most obvious example being the IRS tax refund statutes, which require the taxpayer to read a complex tax code, get the amount exactly right, get the reason exactly right, and do it within a strict timeline. And if they don't meet those requirements, then they don't get a refund. The square corners argument of the government and the people works both ways, and in this case, the government is not turning the square corners, and the court should not be fooled by this statute of limitations argument. It had 10 years to figure out what the June 30th balances were and divide them by two. There's nothing unfair about enforcing the statute of limitations. From your perspective, what should we do? You should reverse the judgment. Okay. Thank you. Thank you very much. Thanks to both counsel. The case of United States v. Kerr is submitted.
judges: GOULD, SMITH, HURWITZ